CLAUDE W. MABE v. RAYMOND HILL AND MAGGIE HILL.

(Filed 9 November, 1966.)

**Automobiles § 40— Defendant's statements at scene held not to amount to an admission of negligence or liability.**

Plaintiff had jacked up a rear wheel of defendant's car, which was stuck in the snow, and was partially under the car attempting to put chains on the wheel, when he was injured by the car rolling or falling upon him. Plaintiff contended defendant was negligent in failing to keep the brakes on as she had been instructed to do by plaintiff. *Held:* A statement by defendant that she "could have released her foot off the brake" is not sufficiently definite to constitute substantive evidence and a statement by defendant that "I feel like this is my fault, or it would never have happened," amounts to nothing more than a legal conclusion, and defendant's statements are insufficient to require submission of the issue of negligence to the jury.

APPEAL by plaintiff from *Crissman, J.,* March 1966 Civil Session of ALLEGHANY.

Civil action to recover damages for personal injuries.

Plaintiff's evidence tends to show that on 28 February 1964 the *feme* defendant was operating a "family purpose" automobile belonging to the male defendant. She was accompanied by plaintiff's wife. They encountered the plaintiff as they approached the road leading to the homes of the defendants and the plaintiff. It was snowing, and there was an accumulation of two to three inches of snow on the ground. There was a discussion between the plaintiff and the *feme* defendant as to the advisability of her attempting to take his wife home. Upon his stating that he thought she could make it, she started up the road and quickly became stuck in the snow on an upgrade. The plaintiff surmised that it would require tire chains

to move the car and advised the defendant that it would be neces-
sary to jack up the rear of the car in order to put the chains in
place. He told the defendant to put the car in "parked" position, put
on the emergency brake, and "to hold the brake." The plaintiff pro-
ceeded to jack the left rear bumper of the car up so that the left
rear wheel was off the ground, and crawled partly under the car
near the front of the left rear wheel, attempting to fasten the chain
hook around the inside of the wheel. The plaintiff was injured when
the car rolled or fell upon him.

At the close of plaintiff's evidence, defendants moved for judg-
ment as in case of nonsuit, which motion was allowed. From judg-
ment entered accordingly, the plaintiff appealed.

*R. Floyd Crouse, McElwee & Hall for plaintiff.*
*Johnston and Johnston for defendants.*

PER CURIAM. The plaintiff's sole allegation of negligence was
the failure of the *feme* defendant to "keep her brakes on as she was
instructed to do by the plaintiff." He bottoms his case on two state-
ments alleged to have been made by *feme* defendant. First, a state-
ment to the plaintiff that she "could have released her foot off the
brake." This is neither an admission nor declaration by the *feme*
defendant which is sufficiently definite, certain or unequivocal to
be considered as substantive evidence. Second, a statement to plain-
tiff's wife that "I feel like this is my fault, or it would never have
happened." This is nothing more than a legal conclusion, determin-
able alone by the facts. *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d
387.

> "In an action for recovery of damages for injury resulting
> from actionable negligence, the plaintiff must show: First, that
> there has been a failure on the part of defendant to exercise
> proper care in the performance of some legal duty which he
> owed plaintiff under the circumstances in which they were
> placed; and, second, that such negligent breach of duty was
> the proximate cause of the injury — a cause that produced the
> result in continuous sequence, and without which it would not
> have occurred, and one from which any man of ordinary prud-
> ence could have foreseen that such result was probable under
> the facts as they existed. . . . Indeed, there must be legal
> evidence of every material fact necessary to support a verdict,
> and the verdict 'must be grounded on a reasonable certainty
> as to probabilities arising from a fair consideration of the evi-

dence, and not a mere guess, or on possibilities.' " *Wall v. Trogdon,* 249 N.C. 747, 107 S.E. 2d 757.

When tested by the applicable standards, the plaintiff's evidence is insufficient to make out a case of liability.

The judgment is

Affirmed.